IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Devon Tremain Thomas, | ) | |
| | ) | C/A No. 0:21-cv-2887-MBS |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Travis Bragg, Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Devon Tremain Thomas is a prisoner in custody of the Bureau of Prisons who currently is housed at FCI Bennettsville in Bennettsville, South Carolina. On September 7, 2021, Petitioner initiated this action by filing pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett.

On December 13, 2018, Petitioner pleaded guilty before the undersigned to one count of conspiracy to possess with intent to distribute and distribute 1 kilogram or more of heroin, 50 grams or more of methamphetamine, and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *United States v. Thomas*, 3:18-cr-00282-MBS, ECF No. 226 (D.S.C. Dec. 13, 2018). On June 20, 2019, the court sentenced Petitioner to a term of incarceration of 210 months to be followed by a term of supervised release of 5 years. Petitioner did not appeal the judgment and he has not sought relief under 28 U.S.C. § 2255. On September 27, 2021, the court entered an amended judgment reducing Petitioner's custodial term to 160 months.

On September 7, 2021, Petitioner filed the § 2241 petition asserting that his sentence is unlawful. Petitioner contends that the court improperly imposed a penalty based on 134,371.4 kilograms of converted drug weight, in contravention of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013). ECF No. 1-2 at 12-14. Petitioner further contends that he was entitled to a mitigating role adjustment under U.S.S.G. § 3B1.2. *Id.* at 17.

On October 13, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the court dismiss the petition without prejudice and without requiring Respondent to submit a return. ECF No. 13. The Magistrate Judge reviewed the petition pursuant to the rules governing § 2241 cases, the Antiterrorism and Effective Death Penalty Act of 1996, and other legal precedents, and acknowledged the liberal construction due to pleadings filed by pro se litigants. The Magistrate Judge found that under *United States v. Wheeler*, Petitioner fails to demonstrate that he is entitled to savings clause relief under § 2255(e). 886 F.3d 415, 429 (4th Cir. 2018) (advising that a petitioner must establish the following criteria to show that § 2255 is inadequate or ineffective to test the legality of a sentence: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect"). Specifically, the Magistrate Judge found that Petitioner cannot satisfy the second criterion of the *Wheeler* test because he "relies on changes in the law that predated his 2019 sentence." ECF No. 13 at 3. Thus, because Petitioner fails to show he is entitled to savings clause

relief, the Magistrate Judge concluded that the court lacks subject matter jurisdiction over the petition. *Wheeler*, 886 F.3d at 423-26 (holding that the savings clause requirements in § 2255(e) are jurisdictional).  Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation.  ECF No. 13 at 5.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner has not filed an objection to the Report and Recommendation and the deadline for doing so has expired.  Nevertheless, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation.  The Report and Recommendation, ECF No. 13, is incorporated herein by reference.  The petition is dismissed without prejudice and the Respondent is not required to file a return.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by

3

demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

  **IT IS SO ORDERED**.

                     /s/Margaret B. Seymour
                     Margaret B. Seymour
                     Senior United States District Judge

January 11, 2022
Columbia, South Carolina